# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES T. BOYLAN,**

       **Plaintiff,**

v.                                 Case No: 6:18-cv-889-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

James T. Boylan (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits. Doc. 1; R. 1-6, 12, 142-43. Claimant argued (1) that the Administrative Law Judge (the ALJ) erred by failing to properly weigh the opinion of Richard A. Hynes, M.D. (Dr. Hynes) and (2) that the Appeals Council erred by rejecting new evidence submitted by Claimant. Doc. 23 at 20-25; 28-31. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I. THE COMMISSIONER'S DECISION

In September 2014, Claimant filed an application for disability insurance benefits. R. 19. Claimant alleged a disability onset date of March 19, 2014. *Id.* Claimant later amended his alleged disability onset date to April 30, 2014. R. 21.

The ALJ issued the decision on July 6, 2017. R. 19-36. In the decision, the ALJ found that Claimant had the following severe impairments: spine disorder, carpal tunnel syndrome, and status post left shoulder debridement. R. 23. The ALJ also found that Claimant had the following

non-severe impairments: restless leg syndrome, sleep apnea, depression, and anxiety. *Id*. The ALJ found that Claimant had an RFC to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1] R. 26. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations. The claimant is able to lift or carry twenty pounds occasionally and ten pounds frequently, sit, stand or walk six hours in an eight-hour day, with normal breaks, and push or pull twenty pounds occasionally and ten pounds frequently. The claimant is occasionally able to climb ladders, ropes or scaffolds, or stoop.

*Id*. The ALJ posed a hypothetical question to the VE that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing Claimant's past work as generally performed and jobs in the national economy. R. 49-51. The ALJ then found both that Claimant was capable of performing his past relevant work and that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 33-35. Therefore, the ALJ found that Claimant was not disabled between the amended alleged onset date and the date of the ALJ's decision. R. 35.

Claimant requested that the Appeals Council review the ALJ's decision and submitted two documents to the Appeals Council as additional evidence. *See* Doc. 23 at 28. The Appeals Council found no basis for changing the ALJ's decision, stating, in part, that the additional evidence Claimant submitted "does not show a reasonable probability that it would change the outcome of

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

the decision." R. 1-6.  Therefore, the ALJ's decision became the Commissioner's final decision.  This appeal followed.

## II.   STANDARD OF REVIEW

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## III.   ANALYSIS

### A. Failure to Properly Weigh Dr. Hynes' Opinion

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. § 404.1546(c).  In doing so, the

ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

On April 23, 2015, Dr. Hynes completed a Physical Restrictions Evaluation of Claimant wherein Dr. Hynes opined, in part, that Claimant can never climb, kneel, or crawl; will be absent three or more times per month; should use a cane for extended walking; can sit for a total of three to four hours per day and can stand or walk for a total of three to four hours per day; and would

require lying down or reclining for about fifteen to thirty minutes every three to four hours. R. 530-32. After summarizing Dr. Hynes' opinion, the ALJ stated as follows:

> Dr. Hynes is an orthopedic surgeon, who has treated the claimant since July 25, 2014 (See Exhibit B2F; page 6). He has treated the claimant primarily for the impairment of the lumbar spine. Dr. Hynes has treated the claimant in coordination with other doctors with injection therapy and other conservative treatment including indications for physical therapy, and nonnarcotic pain medications and muscle relaxants. Dr. Hynes has ordered imaging and discogram of the lumbar spine, and he has reviewed these studies. He examined the claimant. He last treated the claimant on October 15, 2015, for surgical consultation, at which time he stated surgery is an option, and he noted that the claimant's pain had a very significant impact on his quality of life (Exhibit Bl2F, pages 1-2). Although after he issued his April 2015 medical opinion, Dr. Hynes also treated the claimant for herniated nucleus pulposus of CS-7 with stenosis in addition to impairment of the lumbar spine (See Exhibit Bl2F, pages 13-14). Dr. Hynes's treatment notes and the imaging studies support his medical opinion. However, *Dr. Hynes's medical opinion is not fully consistent with the other substantial medical and non-medical evidence in the case record*.
>
> The claimant in this record has alleged constant pain, relieved only a little by Motrin and Tramadol. Physical therapy has not helped. However, he has also stated the medications for pain have no side effects. Pain interrupts his sleep, and he alleges that it limits many basic activities and does not allow him to sit or stand for long periods, or walk more than short distances (Exhibit Bl0E). The claimant's wife also described him as unable to use his hands in any capacity for longer than a short period without numbness and pain (Exhibit B3E). I again note that the x-rays showed normal postoperative appearance after shoulder surgery, and Dr. Hynes found no limitation in use of the hands, except for the ability to push/pull. The claimant's wife alleged that the claimant is unable to sit, stand or walk for long periods due to severe back pain. His pain also causes insomnia and a very short temper (Exhibit B3E). The claimant, his wife, and Dr. Hynes all describe physical impairments and pain that would not allow even sedentary work and preclude many activities. However, the claimant's statements about the intensity, persistence, and limiting effects of symptoms are not fully consistent with the objective medical evidence and the other evidence of record. The statements of the claimant's wife and Dr. Hynes's medical opinion are also inconsistent with other evidence.
>
> I accept that there are clear and significant imaging and EMG/NCV study findings that show spine disorder, both cervical and lumbar, and residuals of carpal tunnel syndrome. Conservative treatment has not given the claimant significant relief as he continues to allege multiple symptoms of pain, and numbness in the medical record. Spine surgery is one option; however, he has not yet followed the treatment. *Dr. Hynes based his medical opinion primarily on the lumbar spine impairment. However, a detailed examination performed by Dr. Weiss showed gait and station*

> *normal, strength normal, reflexes normal, sensory testing normal, and coordination normal (Exhibit B5F, pages 5-8). Dr. Anciro's examinations consistently showed no neurologic abnormality. The claimant testified that Dr. Hynes reviewed the medical source opinion with him and that he provided Dr. Hynes the responses. The State agency medical consultant has found that the claimant is able to perform the requirements of light work with postural limitations. I do not accord controlling, but little weight to Dr. Hynes's medical opinion.* I similarly give little weight to the third-party statements regarding physical functioning made by the claimant's wife.

R. 31-32 (emphasis added).

Claimant argues that the ALJ erred in giving Dr. Hynes' opinion little weight. R. 21-25. Specifically, Claimant argues that the ALJ "never explains why she gave little weight to Dr. Hynes' opinion when she found that it was supported by his notes and imaging studies." R. 22. However, despite arguing that the ALJ never explained the decision to give little weight to Dr. Hynes' opinion, Claimant proceeded to address the ALJ's finding that Dr. Hynes' opinion conflicted with other medical evidence in the record. R. 23-25. But Claimant failed to provide any specific argument to explain why the ALJ's decision was not supported by substantial evidence, instead citing evidence that Claimant believes supports his position. *Id*.

Upon review, the Court finds that the ALJ's decision to give Dr. Hynes' opinion little weight is supported by substantial evidence. As the ALJ noted in the decision, Dr. Weiss' examination records indicate normal gait, station, and toe and heel walking; normal strength symmetric in all four extremities; normal reflexes symmetric in the upper and lower extremities; and intact sensation to pin, touch, vibratory, position sense, and parietal testing in all four extremities. R. 418, 516. In addition, other medical evidence of record – such as Dr. Anciro's examinations – provide substantial evidence to support the ALJ's decision. *See, e.g.*, R. 376, 381, 386, 392, 401, 433-35, 472, 540-43 (no acute distress, full range of motion, normal muscle strength and tone, no gait abnormality). And although Claimant argues, in conclusory fashion, that the ALJ

ignored findings supportive of Dr. Hynes' opinion, there is nothing in the ALJ's decision to suggest that was the case. Indeed, the ALJ explicitly discussed findings supportive of Dr. Hynes' opinion. Regardless, Claimant waived this argument by raising it in a perfunctory manner. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")). Further, Claimant's citation to evidence that Claimant believes supports Dr. Hynes' opinion is unpersuasive. The only issue is whether there is substantial evidence to support the ALJ's decision. The Court will not reweigh the evidence. *See Phillips*, 357 F.3d at 1240 n.8 (stating that the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]'") (citation omitted). Finally, the Court notes that Claimant appears to argue that the ALJ erroneously relied upon evidence regarding Claimant's shoulder when discounting Dr. Hynes' opinion, which was based upon Claimant's back issues. But Claimant's assertion is not supported by the record. Indeed, the ALJ specifically noted that Dr. Hynes' medical opinion was based primarily on Claimant's lumbar spine impairment. R. 32. And

Claimant provided no persuasive argument to suggest that the ALJ relied on medical evidence regarding Claimant's shoulder when discounting Dr. Hynes' opinion.[2]

In addition to the foregoing, Claimant also appears to argue that the ALJ erred by giving great weight to a non-examining state medical consultant's opinion. R. 24-25. But Claimant provided no specific argument whatsoever to explain how the ALJ erred when weighing the state medical consultant's opinion.[3] Thus, Claimant waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). And to the extent that Claimant was actually arguing that it was error for the ALJ to consider the state medical consultant's opinion when weighing Dr. Hynes' opinion, Claimant provided no specific argument to that effect, and, thus, again waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Regardless, even if the Court were to find that the ALJ erred by considering the state medical consultant's opinion when weighing Dr. Hynes' opinion, such error would have been harmless because the ALJ articulated at least one specific reason supported by substantial evidence for

---

[2] The Court notes that Claimant cited the ALJ's statements regarding Claimant's shoulder out of context. Doc. 23 at 23. Contrary to Claimant's implication, the ALJ discussed Claimant's normal postoperative appearance after should surgery in the context of claimant's wife's testimony, not Dr. Hynes' opinion. Specifically, the ALJ stated as follows: "The claimant's wife also described him as unable to use his hands in any capacity for longer than a short period without numbness and pain (Exhibit B3E). I again note that the x-rays showed normal postoperative appearance after shoulder surgery, and Dr. Hynes found no limitation in use of the hands, except for the ability to push/pull." R. 32.

[3] The Court further notes that Claimant argued, in conclusory fashion, that the ALJ failed to provide any rationale for giving more weight to the state medical consultant's opinion than to the opinions of Dr. Hynes and Dr. Weiss. But the ALJ gave specific reasons for discounting the opinion of Dr. Hynes and the purported opinion of Dr. Weiss. R. 31-33. And the Court previously found that the reasons provided for discounting the opinion of Dr. Hynes are supported by substantial evidence. Claimant did not challenge the reasons the ALJ provided for discounting the purported opinion of Dr. Weiss.

giving Dr. Hynes' opinion little weight. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination); *D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."); *Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence).

Accordingly, the Court rejects Claimant's first assignment of error.

**B. Whether the Appeals Council Erred by Rejecting New Evidence Submitted by Claimant**

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. § 404.970(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010), it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970(a)(5). The Appeals Council must grant the petition

for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id*. at 785 (citing *Ingram*, 496 F.3d at 1262).

Here, Claimant submitted two documents to the Appeals Council for review – one from Dr. Hynes and one from Dr. Weiss. The Appeals Council stated as follows with regard to these documents: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." R. 2. Claimant argues that the Appeals Council erred by rejecting these documents. Doc. 23 at 28-31. The Court disagrees.

The first document at issue is a signed statement from Dr. Hynes in which Dr. Hynes stated as follows:

> I completed the attached Physical Restriction Evaluation[4] form dated 4/23/15 for my patient, James Boylan. My opinion expressed in the completion of this form was based on my treatment, examinations, review of multiple diagnostic studies such as the MRIs and discograms, and my knowledge and professional experience. While I may have discussed with Mr. Boylan his limitations, the opinions expressed in the form are my profession opinion and not merely parroting Mr. Boylan's subjective opinion.

---

[4] The Physical Restriction Evaluation that Dr. Hynes referred to is the same Physical Restriction Evaluation that the ALJ previously considered.

R. 12. Claimant appears to argue that Dr. Hynes' foregoing statement is material because it clarifies that the Physical Restriction Evaluation represented Dr. Hynes' professional opinion and was not merely a "parroting" of Claimant's subjective limitations.[5] But Claimant failed to address the other reason the ALJ provided for discrediting Dr. Hynes' opinion – that the opinion was not consistent with objective medical evidence of record. As the Court previously discussed, this reason is supported by substantial evidence and standing alone is sufficient justification for giving Dr. Hynes' opinion little weight. *See, e.g.*, *D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). Given the foregoing, the Court finds that there is not a reasonable possibility that Dr. Hynes' statement would change the administrative outcome. And Claimant failed to explain how Dr. Hynes' statement merely reaffirming his prior opinion could otherwise change the administrative outcome. The Court finds that it could not.

The second document at issue is an opinion signed by Dr. Weiss in which Dr. Weiss agreed with the limitations opined to by Dr. Hynes in the Physical Restriction Evaluation. R. 16. Dr. Weiss did not offer any new opinions or information regarding Claimant. The Court notes that the exact opinion that Dr. Weiss signed was before the ALJ when the ALJ rendered the decision, but, at that time, had only been signed by Lana Meyer, ARNP. R. 16, 545. The ALJ considered the opinion signed by Ms. Meyer and stated, in part, as follows:

> Lana Meyer, ARNP on June 8, 2017 concurred with the limitations in Dr. Hynes's medical opinion for the period beginning from July 21, 2014 through April 19, 2017, based on MRI findings (July 21, 2014), and Ms. Meyer's examination and treatment of the claimant. However, it does not appear that Ms. Meyer treated the

---

[5] One of the reasons provided by the ALJ for discounting Dr. Hynes' opinion was that Claimant provided the responses to Dr. Hynes. R. 32.

> claimant prior to April 19, 2017 (See Exhibit Bl4F, pages 1-5). Dr. Weiss did not sign the concurring opinion.
>
> . . .
>
> An APRN cannot be a treating source because an APRN is not an acceptable medical source, so if it is not from a treating source the opinion cannot he entitled to controlling weight. I weigh Ms. Meyer's statement as opinion evidence from a medical source (who is not an acceptable medical source). I give Ms. Meyer's opinion affirming Dr. Hynes's medical opinion little weight. *Ms. Meyer's statement only concurs with Dr. Hynes's limitations and I give her statement little weight for the same reasons noted above.* The instance of treatment of Ms. Meyer with a normal examination recorded further does not support her opinion.

R. 33 (emphasis added).

Claimant argues that there is a reasonable possibility that Dr. Weiss' opinion will change the outcome of the decision because the ALJ gave little weight to Ms. Meyer's opinion "because she was not an acceptable medical source and did not examine Plaintiff more than once." Doc. 23 at 29. But Claimant ignores the other reason provided by the ALJ for giving little weight to Ms. Meyer's opinion – that Ms. Meyer's opinion merely concurs with Dr. Hynes' limitations and that Ms. Meyer's opinion is entitled to little weight for the same reasons discussed with respect to the opinion of Dr. Hynes. The fact that Dr. Weiss has now signed an identical statement to the one that was previously before the ALJ does not affect this reasoning. Indeed, Dr. Weiss' opinion merely concurs with Dr. Hynes' limitations and does not offer any new opinions or information regarding Claimant. Thus, there is no reason to believe that Dr. Weiss' opinion would change the administrative outcome when the ALJ has already found that an identical opinion is entitled to little weight for the same reasons the ALJ discussed with respect to the opinion of Dr. Hynes. And the Court reiterates that the ALJ provided a specific reason supported by substantial evidence for discounting the opinion of Dr. Hynes. *See, e.g., D'Andrea*, 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ

articulated at least one specific reason for disregarding the opinion and the record supports it."). Given the foregoing, the Court finds that there is not a reasonable possibility that Dr. Weiss' opinion would change the administrative outcome.

Accordingly, the Court rejects Claimant's second assignment of error.

### IV.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable B.D. Crutchfield
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
14002 E. 21st Street
Suite 500
Tulsa, OK 74134-1436